# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.<br><br>Plaintiff,<br><br>v.<br><br>1315 ORANGE LLC<br><br>Defendant. | Case No.: 19cv1991-LAB (JLB)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Peter Strojnik, Sr., *pro se*, filed his complaint bringing claims under the Americans with Disabilities Act (ADA) and state law. He alleges he walks with difficulty and pain, but does not allege that he uses a wheelchair or other assistive device. He brings claims against a limited liability company that he alleges owns and operates La Avenida Hotel in Coronado.

The complaint identifies federal question and diversity as the basis for the Court's jurisdiction, but does not allege the citizenship of the parties or identify an amount in controversy. He alleges he visited the area on June 25 and 26, 2019, and encountered various barriers that he says are documented in Addendum A. The body of the complaint is silent as to what the barriers are, how they affected him, or how they denied him equal access to the facilities. He alleges that he is being deterred from returning to the hotel until the barriers identified in Addendum

1

19cv1991

A are removed, and that he will "visit Defendant's Hotel at a specific time" that he does not identify, after all barriers are removed. Strojnik also says he is bringing claims as a private attorney general.

Addendum A does not document any barriers or ADA violations. This raises some jurisdictional problems, which the Court is required to look into, *sua sponte* if necessary. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Jurisdiction is presumed to be lacking, until Strojnik pleads facts establishing it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Addendum A's first page consists of a printout of a web page from the Hotels.com website, which says the hotel has ADA-accessible rooms. Under "Accessibility," a web page depicting a room with a King-size bed says it has a roll-in shower, height-adjusted amenities, doorbell/phone notification, a visual fire alarm, a phone accessibility kit, and a raised toilet seat. At the bottom of the page are printed the words "INSUFFICIENT ACCESSIBILITY DISCLOSURE."

On the next page, Strojnik has apparently offered an explanation using a form of some kind. In response to the prompt "Identification of Specific Barrier in Plain Language," he says "In[s]ufficient dispersion among several categories of rooms." What he means by this is a mystery, however. He might mean that the hotel is obligated to provide a greater variety of types of ADA-accessible rooms, though he does not say this and the factual allegations do not mention the number or types of rooms in the hotel. Nor does he say whether the one page he chose as his exemplar represented the only type of ADA-accessible room available.

In response to a prompt asking him to identify how the barriers affected Strojnik, he responded:

> Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

2

19cv1991

1  Apparently, the unidentified "Barrier" he is referring to consists of the Hotels.com
2  website listing for La Avenida. It is completely unclear, however, what kinds of
3  details he is wanting to inquire about. He does not cite any authority suggesting a
4  hotel has an obligation to describe to the public the physical layout of its rooms in
5  exhaustive detail without being asked. And perhaps more importantly, he has not
6  alleged that Defendant owns or controls Hotels.com or is responsible for what is
7  listed there.

Below this is a series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions. The first one says "Identification" and appears to be a photograph of the hotel's sign. The second says "Inaccessible check in counter" and depicts what might be a lobby with a counter in it. What is "inaccessible" about it is left unexplained. Nor has Strojnik explained why he would have difficulty standing at a counter to check in, even if it were not specially configured.

The third photograph says "Improperly configured han[dr]ails[.] Handrails one side only." The only visible object is a long, flat surface that appears to be a handrail in an unknown location. Nothing explains why the handrail is improperly configured, or why two sets of handrails are required in whatever area the photograph depicts.

The fourth photograph depicts a gate with a sign on it. The caption says "25 lbs to open." The gate's location is unidentified, and the addendum does not say whether it is the only gate or whether there are others leading to the same place. Even assuming this gate leads somewhere Strojnik might want or need to go, the complaint's factual allegations pertain to his ability to walk, and do not mention any trouble opening gates or doors.

The fifth photograph shows a room or passageway with a white box in it, under which is the caption "Inaccessible ice machine." The addendum does not say why the machine is inaccessible. And the photograph, like all the others, is too

muddy to see any detail clearly.

The sixth photograph shows a parking space and says "Access[i]ble parking slope too steep." Strojnik's allegation that the slope is "too steep" is conclusory, and in any case he has not pled facts showing that the slope of a handicapped parking space would affect him.

In short, the addendum does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel. Nor has he pled facts showing he would be likely to stay at the hotel if the barriers were removed. Because the sole form of relief available to him under Title III of the ADA is an injunction, *see Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002), Strojnik must plead facts showing an injunction is available to him and would provide meaningful relief. He has not done this.

He must also plead facts showing that he has standing to seek this relief. *See Chapman*, 631 F.3d at 946. The Court is obligated to inquire into this and other jurisdictional matters, *sua sponte* if necessary. *Id.* at 954. Because he has not adequately alleged how any of the barriers affect him, he has not established standing to seek injunctive relief. In addition, his bare allegation that he plans to return to the hotel at some time is not enough to show the likelihood of imminent injury. *See Lujan v. Defenders of wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") And although Strojnik has identified himself as a private attorney general, he cannot represent the interests of other disabled people in this case. *See Chapman*, 631 F.3d at 960.

Because Strojnik has not pled facts showing the Court can exercise jurisdiction over his one federal claim, the Court cannot exercise supplemental jurisdiction over his state law claims. *See Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir. 1994). As noted, Strojnik has not pled facts showing

1 | the Court can exercise diversity jurisdiction.  Among other things he failed to plead the citizenship of Defendant 1315 Orange LLC.  *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (citizenship of LLC is determined by citizenship of its owners/members).

Because Strojnik has not invoked the Court's jurisdiction, the complaint is **DISMISSED WITHOUT PREJUDICE**.  No later than **November 14, 2019**, Strojnik may file an amended complaint that remedies the defects this order has identified.

**IT IS SO ORDERED**.

Dated:  October 25, 2019

*[signature: Larry A. Burns]*

Honorable Larry Alan Burns
Chief United States District Judge