1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   PETER STROJNIK, SR.                    Case No.:  3:19-cv-1991-LAB (JLB)

12                            Plaintiff,     **ORDER:**

13   v.
                                            **(1) GRANTING IN PART AND**
14   1315 ORANGE AVE LLC                    **DENYING IN PART**
                                            **DEFENDANT'S MOTION TO**
15                           Defendant.     **DECLARE PLAINTIFF A**
                                            **VEXATIOUS LITIGANT AND**
16                                          **IMPOSE PRE-FILING**
                                            **RESTRICTIONS; AND**
17
18                                          **(2)  GRANTING DEFENDANT'S**
19                                          **REQUEST FOR ATTORNEY'S**
                                            **FEES.**
20

21

22        On October 16, 2019, *pro se* plaintiff Peter Strojnik, Sr. ("Strojnik") filed this

23   case against 1315 Orange Ave, LLC ("Defendant"), the owner and operator of La

24   Avenida Hotel in Coronado ("La Avenida"), alleging claims under the Americans

25   with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related state laws.

26   Strojnik's original complaint was dismissed without prejudice for failure to invoke

27   the Court's jurisdiction. He then filed an amended complaint but failed to serve the

28   proper entity, and took virtually no steps to prosecute the case. The Court ordered

                                        1

1 | Strojnik to show cause why this action shouldn't be dismissed without prejudice,
2 | but he once again did nothing. The case was dismissed on June 4, 2020.

3 |   Now before the Court is Defendant's motion to declare Strojnik a vexatious
4 | litigant subject to a pre-filing order for all future cases brought in the Southern
5 | District of California ("Motion"). For the reasons discussed herein, the Court
6 | **GRANTS IN PART AND DENIES IN PART** Defendant's motion to declare Plaintiff
7 | a vexatious litigant and impose a pre-filing order on him, and **GRANTS**
8 | Defendant's request for attorney's fees. The Court enters a pre-filing order
9 | requiring that any future disability access complaints filed by Strojnik in the
10 | Southern District of California be reviewed by the Court prior to service of the
11 | summons and complaint.

12 | **I.  REQUEST FOR JUDICIAL NOTICE**

13 |   Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a
14 | fact that is not subject to reasonable dispute because it: (1) is generally known
15 | within the trial court's territorial jurisdiction; or (2) can be accurately and readily
16 | determined from sources whose accuracy cannot reasonably be questioned." Fed.
17 | R. Evid. 201(b). A court may take judicial notice of matters of public record if those
18 | facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d
19 | 668, 688-89 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279,
20 | 1282 (9th Cir. 1986)), *overruled on other grounds by Galbraith v. Cty. of Santa*
21 | *Clara*, 307 F.3d 1119 (9th Cir. 2002).

22 |   Judicial notice is particularly appropriate for court records in a prior case and
23 | litigation related to the case before the court. *United States ex rel. Robinson*
24 | *Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)
25 | (holding that a court may take judicial notice of "proceedings in other courts, both
26 | within and without the federal judicial system, if those proceedings have a direct
27 | relation to matters at issue") (citation omitted); *Disabled Rights Action Comm. v.*
28 | *Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("[W]e may take

1  judicial notice of the records of state agencies and other undisputed matters of

2  public record."). However, although the Court "may take judicial notice of the

3  existence of unrelated court documents . . . it will not take judicial notice of such

4  documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc.*

5  *Sec. Lit.,* 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

6     **A. Defendant's Exhibits 1-6**

7     In support of its Motion, Defendant filed a request for judicial notice ("RJN")

8  related to the following six documents:

9   - Exhibit 1: State of Arizona's Motion to Intervene in *Gastelum v. Canyon*

10    *Hospital, LLC*, Case No. 18-16032 (9th Cir. June 22, 2018);

11  - Exhibit 2: State of Arizona's Motion to Intervene in *Advocates for*

12    *Individuals with Disabilities v. MidFirst Bank*, Case No. 2:16-cv-01969-

13    PHX-NVW, Dkt. 7-1 (Dec. 7, 2017);

14  - Exhibit 3: State Bar of Arizona's Complaint against Peter Strojnik, Case

15    No. PDJ 2018-9105 (Nov. 16, 2018);

16  - Exhibit 4: Peter Strojnik's Consent to Disbarment in the State of Arizona,

17    Case No. PDJ 2018-9105 (May 8, 2019);

18  - Exhibit 5: State Bar of Arizona's Judgment of Disbarment, Case No. PDJ

19    2018-9105 (May 10, 2019); and

20  - Exhibit 6: Plaintiff's Response to Court's Questions 1–4, in *Strojnik v. IA*

21    *Lodging Napa First LLC*, Case No. 4:19-cv-03983, Dkt. 56, 56-1

22    (March 21, 2020)[1].

23     All of the documents submitted by Defendant are properly subject to judicial

24  notice. Exhibits 1–6 all contain matters of public record, including documents filed

25

26

27  [1] Although Defendant's RJN specifically requests that this Court take judicial notice
   of Exhibits 1–5 (Dkt. 15–3 at 2–3), Defendant also attaches, refers to, and relies
28  on Exhibit 6 to the RJN. The Court interprets the RJN as including Exhibit 6.

1    in other federal courts or records derived from proceedings held by state agencies,

2    that are relevant to the issues addressed in this order.

3    **B. Defendant's Spreadsheet**

4    A court also "may take judicial notice on its own" of any "fact that is not

5    subject to reasonable dispute because it . . . can be accurately and readily

6    determined from sources whose accuracy cannot reasonably be questioned." Fed.

7    R. Evid. 201(b)–(c). This includes "proceedings in other courts . . . if those

8    proceedings have a direct relation to matters at issue." *Bennett v. Medtronic, Inc.,*

9    285 F.3d 801, 803 n.2 (9th Cir. 2002) (quoting *United States ex rel. Robinson*

10   *Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir.1992)).

11   Here, Defendant attaches as Exhibit 1 to the Declaration of Philip Stillman a

12   spreadsheet displaying search results in PACER for ADA cases filed by Strojnik in

13   various federal district courts, including in California, since May 2018. (Dkt. 15–2

14   ("Stillman Decl.") at Ex. 1). Strojnik doesn't raise any dispute about this

15   spreadsheet, and he doesn't contest that he filed the cases listed in the

16   spreadsheet.

17   The Court takes judicial notice of Defendant's spreadsheet because

18   Strojnik's proceedings in other federal courts directly relate to the matter at issue

19   in this case and aren't subject to dispute.

20   **C. Plaintiff's Exhibits 1-10**

21   With his Opposition, Strojnik submits a Declaration with the following ten

22   exhibits attached. Strojnik doesn't seek judicial notice of these documents, but

23   nevertheless requests that the Court consider them in ruling on this Motion.

24   - Exhibit 1: Order Imposing Sanctions and Referring Counsel to Standing

25   Committee, Case No. 3:20-cv-02736-SK, Dkt. No. 20 (N.D. Cal. Aug. 21,

26   2020);

27   - Exhibit 2: Declaration of Philip H. Stillman In Support of Motion to Require

28   Plaintiff to Post a Costs Bond and Exhibits 1–3, *Strojnik v. President Hotel*

4

*Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 35-2 (C.D. Cal. May 21, 2020);

- Exhibit 3: Aug. 31, 2020 Email Exchange between Peter Strojnik and Philip H. Stillman;

- Exhibit 4: June 11, 2020 Invoice, Stillman & Associates, *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 47-2 (C.D. Cal. June 11, 2020);

- Exhibit 5: Plaintiff's Objection to Defendant's Motion for Attorney's Fees or Sanctions Pursuant to Rule 11, 28 U.S.C. §1927 and This Court's Inherent Powers and Request for Limited Discovery, *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 49 (C.D. Cal. June 16, 2020);

- Exhibit 6: Dec. 13, 2017 Secretary of State Certificate of Dissolution, *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 49-1 (C.D. Cal. June 16, 2020);

- Exhibit 7: Declaration of Philip H. Stillman In Support of Motion to Require Plaintiff to Post a Costs Bond and Exhibits 1–4, *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS (originally filed in *Strojnik v. Woodside Hotel Group, LTD*, Case No. 5:20-cv-02304-NC, Dkt. 7-2 (N.D. Cal. June 3, 2020)), Dkt. 49-2 (C.D. Cal. June 16, 2020);

- Exhibit 8: Notice of Errata Re: Declaration of Philip Stillman in Support of Defendant's Motion for Attorney's Fees or in the Alternative, For Sanctions Pursuant to Rule 11, 28 U.S.C. §1927 and This Court's Inherent Powers, *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC-ADS, Dkt. 50 (C.D. Cal. June 17, 2020);

- Exhibit 9: Reply Declaration of Philip H. Stillman In Support of Motion for Attorney's Fees, *Strojnik v. President Hotel Investment, LLC*, Case No.

1   8:20-cv-00258-DOC-ADS, Dkt. 51-1 (C.D. Cal. June 29, 2020); and

2   • Exhibit 10: *Megawine, Inc. v. Frank-Lin Distillers Products, LTD.,*

3   California Court of Appeals, Second District, Fourth Division (Oct. 24,

4   2016).

5   (Dkt. 16.)

6       The Court neither finds these exhibits the proper subject of judicial notice,

7   nor does the Court consider any of them relevant to the issues raised in

8   Defendant's Motion. In his Opposition, Strojnik scarcely responds to the substance

9   of Defendant's arguments. He opts instead to hurl accusations at defense counsel

10  and attack his character and professional standing. But Defendant's Motion

11  concerns the actions of Strojnik—not those of defense counsel—and at the motion

12  hearing, Strojnik couldn't articulate why these exhibits are relevant. As such, the

13  Court refrains from considering these exhibits in ruling on the Motion.

14  **II.    BACKGROUND**

15      Strojnik filed this action on October 16, 2019, alleging that he is "a veteran"

16  and a "legally disabled" person as defined by the ADA, California Disabled Persons

17  Act ("DPA"), and California Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 ¶¶ 1–3).

18  Strojnik alleged that he had intended on visiting the La Avenida hotel, which is

19  allegedly owned by Defendant and located at 1315 Orange Avenue in Coronado,

20  California, but he had encountered barriers to accessibility there that violated the

21  ADA. (*Id.* ¶¶ 15-16). The Court dismissed the original complaint without prejudice

22  due to various defects in it, including Strojnik's failure to properly invoke the Court's

23  jurisdiction and because the complaint lacked any clear factual allegations showing

24  what barriers existed in the La Avenida hotel. (Dkt. 3).

25      Strojnik then filed an amended complaint, but it suffered from many of the

26  same defects. (Dkt. 4). Strojnik additionally failed to complete service of process

27  within 90 days of the date he filed his amended complaint, as required by Fed. R.

28  Civ. P. 4(m), and hadn't taken any steps to prosecute his case other than to file an

1 || incorrect proof of service. Strojnik was ordered to show cause why this action

2 || shouldn't be dismissed for his failure to serve and for failure to prosecute. (Dkt.

3 || 13). Strojnik filed no response to the Court's order and the action was ultimately

4 || dismissed without prejudice. (Dkt. 14).

5 ||     Defendant now moves to declare Strojnik a vexatious litigant and has

6 || requested that the Court enter a pre-filing order against him. (Dkt. 15). The Court

7 || now analyzes Defendant's pending Motion.

8 || **III.    MOTION TO DECLARE STROJNIK A VEXATIOUS LITIGANT**

9 ||     **A. Legal Standard**

10 ||     The All Writs Act, 28 U.S.C. § 1651(a), grants district courts the inherent

11 || power to enter pre-filing orders against litigants who frequently abuse the judicial

12 || system by filing lawsuits that are frivolous or harassing. *Molski v. Evergreen*

13 || *Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Pre-filing orders include those

14 || that "enjoin the litigant from filing further actions or papers unless he or she first

15 || meets certain requirements, such as obtaining leave of the court or filing

16 || declarations that support the merits of the case." *Weissman v. Quail Lodge, Inc.*,

17 || 179 F.3d 1194, 1197 (9th Cir. 1999). But pre-filing orders are an "extreme remedy"

18 || and "[c]ourts should not enter pre-filing orders with undue haste because such

19 || sanctions can tread on a litigant's due process right of access to the courts."

20 || *Molski*, 500 F.3d at 1057.

21 ||     **B. Discussion**

22 ||     The Ninth Circuit has adopted a four-factor test to determine whether a pre-

23 || filing review order is warranted. Specifically, a pre-filing review order may be

24 || appropriate if: (1) the plaintiff was given adequate notice and an opportunity to

25 || oppose the order; (2) there is an adequate record for review; (3) the Court makes

26 || substantive findings as to the frivolous or harassing nature of the litigant's actions;

27 || and (4) the order is narrowly tailored "to closely fit the specific vice encountered."

28 || *Id.* (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir. 1990)).

1    Here, all four *De Long* factors have been satisfied and a finding that
2 Petitioner is a vexatious litigant is warranted.

### 1.    Notice

4    The first factor concerns whether the litigant in question has been afforded
5 proper notice of the potential order and given an opportunity to be heard. *Molski*,
6 500 F.3d at 1058 ("The first factor under *De Long* is whether Molski was given
7 notice and an opportunity to be heard before the district court entered the pre-filing
8 order. This is a core requirement of due process."). "[A]n opportunity to be heard
9 does not require an oral or evidentiary hearing on the issue. . . . The opportunity
10 to brief the issue fully satisfies due process requirements." *Pacific Harbor Capital,*
11 *Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

12    Defendant filed its Motion on September 14, 2020 (Dkt. 15), Strojnik had the
13 opportunity to respond to the Motion on September 23, 2020 (Dkt. 16), and Strojnik
14 presented oral argument at the motion hearing held on September 27, 2021.
15 Strojnik has therefore been given notice and an opportunity to be heard in
16 accordance with due process.

### 2.    Adequate Record for Review

18    The Court must provide a thorough record of the plaintiff's litigation history
19 before declaring the plaintiff to be a vexatious litigant. "An adequate record for
20 review should include a listing of all the cases and motions that led the district court
21 to conclude that a vexatious litigant order was needed." *De Long,* 912 F.2d at 1147.
22 An "injunction cannot issue merely upon a showing of litigiousness." *Id.* at 1148
23 (citation omitted). Instead, the record must at least "show, in some manner, that
24 the litigant's activities were numerous or abusive." *Id.* at 1147.

25    Defendant provides a listing of these cases in its Motion. (*See* Stillman Decl.
26 at Ex. 1.) That listing reflects search results in PACER for ADA cases filed by
27 Strojnik in federal district courts in California, Arizona, Colorado, Hawaii, Idaho,
28 New Mexico, Puerto Rico, Texas, and Washington. In California alone, Strojnik

3:19-cv-1991-LAB (JLB)

1 │ has filed nearly 126 ADA cases since May 2018.[2]

2 │    • ADA cases filed in California district courts: 126

3 │      o Northern District: 42

4 │      o Eastern District: 27

5 │      o Central District: 34

6 │      o Southern District: 23

7 │     On this extensive record of Strojnik's ADA litigation in California federal

8 │ courts, the Court finds that there is an adequate record for review.

9 │ ### 3.   Frivolous Litigation History

10 │     The third requirement under the *De Long* analysis gets to the heart of the

11 │ matter—whether Strojnik's actions are frivolous or harassing. *De Long*, 912 F.2d

12 │ at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "To decide

13 │ whether the litigant's actions are frivolous or harassing, the district court must look

14 │ at both the number and content of the filings as indicia of the frivolousness of the

15 │ litigant's claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148)

16 │ (internal citations omitted). The court must consider the following five factors:

> 1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether

---

[2] Defendant's spreadsheet lists 125 cases filed in California. However, per Fed. R. Evid. 201, the Court takes judicial notice on its own of an additional ADA case filed by Strojnik in the Northern District of California that isn't included in Defendant's spreadsheet: *Strojnik v. Cypress Inn Investors*, Case No. 3:19-cv-03981 (N.D. Cal., filed July 11, 2019).

other sanctions would be adequate to protect the courts and other parties.

*Molski,* 500 F.3d at 1051 (quoting *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)).

Strojnik's history of filing frivolous, near-identical disability access complaints in both state and federal court is not only extensive but also widely known among state and federal courts. In May 2019, Strojnik was disbarred by the State of Arizona for his "extortionate practice" of "filing thousands of frivolous ADA lawsuits" against small businesses in both state and federal courts between 2016 and 2018, causing "an enormous strain on the court system." (RJN, Ex. 3 at ¶¶ 3-4, 14; RJN, Ex. 5). The State Bar of Arizona noted that Strojnik had "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court." (RJN, Ex. 1 at 3). It further noted that "the State obtained dismissals of hundreds of state court proceedings in light of similar behavior and related standing failings" (RJN, Ex. 2 at 1), and it characterized Strojnik's activities as "one of the largest, and still ongoing, abuses of Arizona state and federal courts in history" (*id.*). On May 8, 2019, Strojnik consented to his disbarment as a member of the State Bar of Arizona (RJN, Ex. 4), and on May 10, 2019, the State Bar of Arizona issued a final Judgment of Disbarment against Strojnik (RJN, Ex. 5).

Strojnik was undeterred. Though no longer a licensed attorney, Strojnik continued filing ADA cases, but this time as a *pro se* plaintiff. His disability access complaints have largely included the same "boilerplate allegations that omit basic details necessary to establish standing." *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020). Indeed, courts have acknowledged that Strojnik "files near identical lawsuits, save a few photographs and name changes," *Strojnik v. SCG Am. Constr. Inc.*, No. SACV191560JVSJDE, 2020 WL 4258814, at *7 (C.D. Cal. Apr. 19, 2020), and that

3:19-cv-1991-LAB (JLB)

1   "Strojnik has continued to file formulaic complaints that fail to allege Article III

2   standing, despite being on notice from multiple courts in every federal district in

3   California that his pleading practices are inadequate." *Strojnik v. IA Lodging Napa*

4   *First LLC*, 2020 WL 2838814, at *12. Although he is a former attorney with

5   significant experience with ADA claims, Strojnik persists in pleading "vague"

6   allegations and he "repeatedly fails to allege how alleged barriers violate the ADA

7   or affected him based on his specific disabilities." *Id.* at *11.

8          Moreover, it has already been acknowledged that Strojnik "has settled the

9   majority of his cases early in litigation, either before the defendant has appeared

10   or soon thereafter. This pattern of early settlements may indicate an intent to

11   extract quick case settlements." *Id.* at *10. Strojnik himself admitted to the court in

12   *Strojnik v. IA Lodging Napa First LLC* that the gross total amount he had received

13   in settlement until that point was $249,079. *Id.* at *7. And where his cases haven't

14   settled, Strojnik's near-identical complaints (such as the one filed in this case) have

15   either been dismissed—many with prejudice—for failure to allege standing or for

16   other reasons, including failure to prosecute and/or failure to comply with court

17   orders. *See e.g.*, *Strojnik v. San Diego Farah Partners, L.P.*, No. 20CV358-LAB

18   (BGS), 2021 WL 778652, at *5 (S.D. Cal. Mar. 1, 2021) (dismissing Strojnik's

19   complaint for failing to plausibly state a claim and for failing to allege standing);

20   *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL

21   3250608, at *5 (S.D. Cal. June 16, 2020) ("At this point, Mr. Strojnik is on notice

22   what needs to be alleged to establish standing and yet he has not done so in this

23   case. The Court can only conclude that he has not done so because he cannot do

24   so. Therefore, the Court dismisses Count One with prejudice."); *Strojnik v. DMD*

25   *Lodging, Inc.*, Case No. 20-cv-00064-DOC-JDE, Docket No. 11 (C.D. Cal. Apr. 1,

26   2020) (dismissing complaint for failure to prosecute and comply with court orders);

27   *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-05149-LHK, Docket No.

28   11 (N.D. Cal. Jan. 3, 2020) (dismissing complaint for failure to prosecute).

As a result of his bad faith conduct, Strojnik was declared a vexatious litigant in both the Northern District and Central District of California. *Id.* (granting the defendant's motion to declare Strojnik a vexatious litigant and finding that "Strojnik's pleading practices waste the resources of the court and 'impose[ ] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct'") (internal citations omitted); *Strojnik v. SCG Am. Constr. Inc.*, 2020 WL 4258814, at *7 (declaring Strojnik a vexatious litigant and noting that "Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims"). Both courts entered pre-filing orders against Strojnik, thereby limiting his ability to file ADA complaints in those courts in the future.

And yet, Strojnik has persisted in filing duplicitous and frivolous complaints. Multiple courts in the Southern District have cautioned Strojnik against his actions, but to no avail. *See e.g.*, *Strojnik v. San Diego Farah Partners, L.P.*, No. 20CV358-LAB (BGS), 2021 WL 778652, at *4 (S.D. Cal. Mar. 1, 2021) ("As Strojnik has been told before, he must also plead facts showing that an alleged ADA violation affects him because of his disability. The fact that it could affect some other disabled person does not afford him Article III standing."); *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) ("Plaintiff, both as a lawyer in Arizona, and now acting *pro se*, has filed identical allegations in multiple courts and has been repeatedly told that the allegations are insufficient for standing."); *Strojnik v. Braemar P'ship*, No. 19-CV-01446-BAS-AHG, 2020 WL 3250184, at *1 (S.D. Cal. June 16, 2020) ("Plaintiff, proceeding *pro se,* has filed thousands of disability discrimination lawsuits against hotel defendants in state and federal courts.") (internal citations omitted).

Strojnik claims to be a champion of disability rights—but a champion he most certainly is not. The fact that his complaints have overwhelmingly been dismissed

1    or have settled very early on in the litigation indicates to the Court that he is aware

2    he doesn't have a good-faith basis for bringing these claims, and yet he does so

3    anyway with the intention of harassing defendants and extorting settlements out of

4    them. The sheer number of deficient complaints filed by him has not only imposed

5    a significant strain on the court system, but it has also resulted in the harassment

6    of numerous establishments across various jurisdictions. Strojnik is well aware that

7    his frivolous lawsuits waste the courts' time and cause inconvenience to third

8    parties, and it is abundantly apparent that he simply doesn't care. Strojnik's utter

9    disregard for court orders and basic pleading requirements is nothing short of an

10    abuse of the judicial process, and he shouldn't be permitted to continue with this

11    exploitative behavior.

### 4.    Narrowly Tailored Pre-Filing Order

13    Finally, the pre-filing order "must be narrowly tailored to the vexatious

14    litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. Defendant requests that the

15    Court "impos[e] a pre-filing Order on [Strojnik] in the Southern District." (Dkt. 15 at

16    1:5-6). The Court disagrees with Defendant's suggestion that the pre-filing order

17    should apply to any action filed by Strojnik. Instead, the Court limits the pre-filing

18    order to future claims brought by Strojnik in the Southern District of California under

19    the ADA and concerning access to public accommodations.

## II.    REQUEST FOR ATTORNEY'S FEES

21    Defendant requests that it be awarded attorney's fees incurred in connection

22    with Defendant's motion to declare Strojnik a vexatious litigant subject to a pre-

23    filing order. Defendant provides billing records justifying its claim that the lodestar

24    for preparing and defending this Motion is $11,400 (Stillman Decl. at ¶¶ 16–18),

25    as well as a "Real Rate Report" from September 2018 showing the average rates

26    for partners in San Diego (*id.* at Ex. 3). The Court finds the rate of $500 an hour is

27    the prevailing rate for an attorney of Mr. Stillman's qualifications and experience in

28    San Diego, and, having reviewed the billing record entries, finds the hours spent

1   defending this action to be reasonable. *See Sam K. ex rel. Diane C. v. Hawaii Dep't*

2   *of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (considering "satisfactory evidence

3   of the prevailing market rates" and permitting district courts to "use their own

4   knowledge of customary rates and their experience concerning reasonable and

5   proper fees" when determining attorney's fees) (internal citations and quotations

6   omitted). Defendant's request for attorney's fees is **GRANTED**.

7   **III.    CONCLUSION**

8           Defendant's motion to declare Strojnik a vexatious litigant subject to a pre-

9   filing order is **GRANTED IN PART AND DENIED IN PART**. Strojnik is enjoined

10  from filing any civil action in the Southern District of California that alleges a cause

11  of action for a violation of the ADA without first obtaining certification from this

12  Court that his claims plausibly allege Article III standing and are not frivolous or

13  asserted for an improper purpose. To the extent Strojnik wishes to file a complaint

14  that challenges access to public accommodations, Strojnik must provide a copy of

15  the complaint, a letter requesting that the complaint be filed, and a copy of this

16  order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and

17  copy of this order to this Court for a determination of whether the complaint should

18  be accepted for filing.

19          Defendant's request for attorney's fees is additionally **GRANTED**. Strojnik is

20  ordered to pay the requested amount of $11,400 to Defendant by cashier's check

21  by **October 6, 2021**. **Strojnik will be subject to a contempt hearing and**

22  **sanctions if he violates this Order, and any action filed in violation of this**

23  **Order will be subject to dismissal.**

24          **IT IS SO ORDERED**.

25  Dated:  September 29, 2021

26  *Larry A. Burns*

    Honorable Larry Alan Burns
27  United States District Judge

28